IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

FILED

SOUTHERN DISTRICT OF MISSISSIPPI

JUL 21 2005

J. T. NOBLIN, CLERK

By_____ Deputy

QBE INSURANCE CORPORATION                                        PLAINTIFF

VERSUS                                         CIVIL ACTION NO.  1:04cv632JMR-JMR

HANCOCK COUNTY SEWER AND WATER , et al                   DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the Court on the motion of the Plaintiff , QBE Insurance Corporation ("QBE") for judgment on the pleadings  [6-1]  to Rule 12(c) of the Federal Rules of Civil Procedure.  After due consideration of the evidence of record, the brief of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows:

The underlying claim arises from  a dispute between  James Evans ("Evans") and the Hancock County Water &Sewer District ("Hancock") over a series of bills and charges for services allegedly rendered to Evans which he claims he was never  provided . Evans asserts that Hancock is seeking collection of  fees for his use of water and services rendered in hooking  water. However, he  asserts that Hancock never hooked up his water services but he has been billed  for hooking up water services and water he never received.

Evans filed a Complaint in the Circuit Court in Harrison County, Ms. on May 17,2004 and served Hancock County on May 21,2004. QBE , an insurance carrier for Hancock County, was asked to provide coverage and to defend the suit under Commercial General Policy Number ANM13047-3 FormGC0001(07/98)

This action for declaratory relief  originated from a dispute between  QBE and its insured

over coverage. QBE contends that Evans does not state a claim for property damage or bodily injury nor an occurrence as that term is defined by QBE's policy. QBE filed a Motion for Judgment on the Pleadings. Defendants, Hancock County Water & Sewer District and James Evans have not responded to the pending motion .

A motion brought pursuant to Rule 12(c)of Federal Rules of Civil Procedure is designed to dispose of cases where the material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co.v. Touchstone Props Ltd.*914 F.2d 74,76(5th Cir.1990)

QBE claims there is no coverage under the subject policy. The determination as to whether coverage exists hinges upon  whether there is a  loss covered under the insuring agreement and if such exists, whether that potential coverage would be specifically excluded under the exclusions provided in QBE's policy . The relevant sections QBE's policy provide the QBE will pay if its insured is obligated to pay for damages because of "bodily injury" or "property damage" .

QBE's policy defines "bodily injury" as " bodily injury , sickness or disease sustained by a person." QBE's Policy , Section V, Paragraph 3. The Evans' complaint does not state any facts or make any claims that indicate or imply that Evans suffered some type of physical bodily injury. Evans does make a claim for suffering , anxiety and stress but to trigger coverage under QBE's policy for claims of mental or emotional injury , physical bodily injury must first occur. *Audubon Ins Co. v. Stefancik* , 98 F.Supp2d 751, 756(S. D. Miss.1999)   Accordingly, this Court finds that that Evans' claims for mental stress do not constitute a claim for "bodily injury" as defined under QBE's Policy and thus, no coverage would be afforded for these claims.

QBE's policy defines "property damage" as  physical injury to tangible property including loss of use of that property or loss of use of tangible property that is not physically injured. Evans'

Complaint seek damages for lost time from work and for putting the sale of his home in jeopardy. He also seeks to have his water bills nullified. The policy at issue clearly states that there must exist some physical injury to tangible property or some loss of use to tangible property not physically injured for "property damage" to exist under the policy. This requirement has led courts to hold that mere economic damages do not constitute property damage. *Audubon Ins Co.* 98F.Supp.2dat756; *Snug Harbor Ltd v. Zurich Ins.* 968F.2d 538,542(5th Cir. 1992)

Therefore, this Court finds that based on the language of QBE's policy and the relevant case law , Evans' claims of lost time from work, water bills he claims should be nullified are all economic and pecuniary damages and do not constitute damages to tangible property ,thus they are not covered "property damage" under QBE's GCL policy.

Finally , the Court find that Evans claims were not caused by an "occurrence" as defined by the QBE policy. An "occurrence" is defined as an accident , including continuous exposure to substantially the same generally harmful conditions ."QBE Policy , Section V, Definitions Paragraph 13. QBE's policy defines occurrence generally as an "accident".

In the underlying action, Evans alleges that Hancock charged and continues to charge him and penalize him for services that he claim were never rendered . Evans asserts that he has personally informed the Directors of the Board of Supervisors of this dispute but the matter has never been resolved. Evans claims that the Board has threatened to disconnect his sewer system, sent him intimidating letters and threatened to turn his home over to the Health Department. The Court finds that these claims could not be considered accidental, sudden,, unexpected or unanticipated. These actions are clearly intentional and thus, could not constituted an "occurrence" as a term defined by QBE's Policy.

The Court finds that Evans' claims as stated in his Complaint do not constitute claims for " bodily injury" or "property damage" as those terms are defined by QBE policy and do not derive from an 'occurrence" as that term is further defined by QBE's policy and that judgement should be awarded as a matter of law on the pleadings on this matter.

This the _____21_____ day of July , 2005.


_____
CHIEF UNITED STATES MAGISTRATE JUDGE